UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-10-FDW

| | |
|---|---|
| VINCENT BRADY ALLEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| RANDY REGISTER, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Corpus, filed under 28 U.S.C. § 2254, (Doc. No. 1), and on Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2).[1] For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the petition.

First, as to Petitioner's motion to proceed in forma pauperis, Petitioner's trust fund account statement shows that Petitioner had $9.41 in his trust account when he placed his petition in the prison mail system on December 24, 2013, and he had $14.97 in his trust account when the petition was stamp-filed on January 13, 2014. (Doc. No. 5 at 4-5). As of April 29, 2013, the most recent date reported in his trust account, Petitioner had $1.07 in his trust account. Although Petitioner's balance exceeded the filing fee amount of $5.00 on the date his petition was filed, his daily balance for the six months before filing this action has averaged well under $5.00. Thus, the Court finds that Petitioner is indigent, and the Court will grant his motion to proceed in forma pauperis.

---

[1] Petitioner originally filed the petition in the Eastern District of North Carolina. By Order dated January 8, 2014, that court transferred the action to this Court. See (Doc No. 1-1 at 1).

Pro se Vincent Brady Allen is a North Carolina state court inmate currently incarcerated at Sampson Correctional Institution in Clinton, North Carolina. On December 9, 1987, Petitioner was convicted of first-degree rape and of taking indecent liberties with a child in the Superior Court of Anson County. Petitioner was sentenced to life imprisonment. The North Carolina Court of Appeals subsequently affirmed Petitioner's conviction and sentence. State v. Allen, 92 N.C. App. 168, 374 S.E.2d 119 (1988).

Petitioner placed the instant petition in the prison system for mailing on December 24, 2013, and it was stamp-filed on January 13, 2014. In a prior Section 2254 petition, filed on April 9, 2004, Petitioner challenged the same conviction he challenges in this petition. In an Order dated August 18, 2004, this Court dismissed Petitioner's petition as untimely.[2] See (3:04:cv183, Doc. No. 7). Thus, this is the second habeas petition filed by Petitioner challenging his prior state conviction. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner must first obtain an order from the Fourth Circuit Court of Appeals before this court will consider any successive petition under 28 U.S.C. § 2254. Petitioner has not shown that he has obtained the permission of the Fourth Circuit Court of Appeals to file a successive petition. Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

---

[2] On January 20, 2005, the Fourth Circuit Court of Appeals dismissed Petitioner's appeal of this Court's denial of his motion to vacate. See (3:04:cv183, Doc. No. 11).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2) is **GRANTED**.

2. Petitioner's § 2254 petition is **DISMISSED** as a second or successive petition.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: May 8, 2014

Frank D. Whitney
Chief United States District Judge